IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00599-FDW

| | |
|---|---|
| DERRICK OLANDO JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **ORDER** |
| NC DEP'T OF PUBLIC SAFETY ) | |
| ENGINEERING; NC DEP'T OF ) | |
| PUBLIC SAFETY; ) | |
| DWAYNE WELLS; ) | |
| TIMOTHY WILLIS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983.

Plaintiff is an inmate of the State of North Carolina following his conviction for discharging a firearm into occupied property in Mecklenburg County Superior Court. According to the complaint, on October 21, 2014, Plaintiff was working at the Asheboro Highway Patrol Station when he was cut by a fellow inmate, Charles Blagg. Plaintiff was later evaluated at the Randolph Correctional Institution and his injury was treated by a nurse, and he received further treatment at Randolph Hospital.

As it pertains to venue, Federal law provides in relevant part that:

> A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

1

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a).

According to the complaint, Plaintiff was injured while an inmate at Randolph Correctional which is located in the County of Asheboro which is within the Middle District, and therefore a substantial part of the events giving rise to the allegations in his complaint arose in that district. Moreover, Plaintiff names at least one defendant, Timothy Willis, who appears to have been the superintendent of Randolph Correctional at the time of the alleged injury.

For the foregoing reasons, the Court finds that this matter should be transferred based on proper venue to the Middle District of North Carolina for further proceedings.

**IT IS, THEREFORE, ORDERED** that the clerk of court shall transfer this case to the Middle District of North Carolina.

Following transfer, the Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: December 10, 2015

Frank D. Whitney
Chief United States District Judge

2